UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61897-CIV-DAMIAN

HEIDY JAMILETH AGUIRRE,

     Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al,*

     Respondents.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Petitioner, Heidy Jamileth Aguirre's ("Petitioner"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition") filed July 8, 2026.

THE COURT has reviewed the Petition and relevant filings, including Respondents' Response to Order to Show Cause [ECF No. 6] (the "Response") filed July 17, 2026, Petitioner's Reply [ECF No. 7] (the "Reply") filed July 17, 2026, Petitioner's Motion to Amend [ECF No. 8] (the "Motion") filed July 21, 2026, Respondents' Notice of Filing Completion of Individualized Bond Hearing [ECF No. 9] (the "Notice") filed July 21, 2026, and the relevant portions of the record and is otherwise fully advised. Petitioner challenges her immigration detention on due-process grounds and requests immediate release or, alternatively, an individualized bond hearing. *See generally* Pet.

After Petitioner filed the Petition, Respondents advised that Petitioner had received an individualized custody-redetermination hearing before an Immigration Judge on July 21, 2026. Notice at 1. Following the hearing, the Immigration Judge denied Petitioner's request

for a change in custody status upon finding that Petitioner posed a flight risk. *Id.*; *see also* Order of the Immigration Judge [ECF No. 9-1] at 1.

A writ of habeas corpus may issue to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court has jurisdiction over challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Nevertheless, federal courts are limited by Article III of the Constitution to resolving actual, ongoing cases or controversies. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, the intervening custody-redetermination hearing afforded Petitioner the process she sought through the Petition. The fact that the Immigration Judge denied bond does not preserve Petitioner's procedural due-process claim: the Petition sought an individualized hearing, not a particular outcome at that hearing. Having received that hearing, Petitioner can no longer obtain meaningful relief on her claim that her continued detention without an individualized custody determination violated due process. Therefore, the Petition no longer presents a live case or controversy.

Accordingly, and for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** is **DENIED AS MOOT**, and the case is DISMISSED.

The Clerk shall **CLOSE** this case.

All pending motions, if any, are **DENIED AS MOOT** and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 11th day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc. Counsel of Record

3